DAVID SEROR – Bar No. 67488
RICHARD BURSTEIN – Bar No. 56661
REED BERNET – Bar No. 288240
BRUTZKUS GUBNER ROZANSKY SEROR WEBER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA  91367
Telephone: 818.827.9000
Facsimile:  818.827.9099
Email:      dseror@brutzkusgubner.com
            rburstein@ brutzkusgubner.com
            rbernet@ brutzkusgubner.com

Attorneys for Plaintiff Nancy Zamora, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>DOUGLAS EDWIN GRAVINK,<br><br>           Debtor.<br><hr><br>NANCY ZAMORA, CHAPTER 7 TRUSTEE,<br><br>           Plaintiff,<br><br>    v.<br><br>DOUGLAS EDWIN GRAVINK, an individual; ANTONIA GRAVINK, an individual; SWISSPARTNERS INSURANCE COMPANY, SPC LTD, a Swiss corporation; EFG PRIVATE BANK LIMITED, a Swiss corporation, and DOES 1-10,<br><br>           Defendants. | Case No. 1:12-bk-20325-MT<br><br>Chapter 7<br><br>Adv. No.<br><br>**COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS OR IN THE ALTERNATIVE TO TURNOVER PROPERTY OF THE ESTATE**<br><br>**[11 U.S.C. §§ 542, 544, 550 and California Civil Code § 3439, *et seq*.]**<br><br>**Status Conference:**<br>**Date:** To be set.<br>**Time:** To be set.<br>**Place:** Courtroom 302<br>        United States Bankruptcy Court<br>        21041 Burbank Boulevard<br>        Woodland Hills, CA 91367 |

Plaintiff, Nancy Zamora, the duly appointed and acting Chapter 7 Trustee ("Plaintiff" or "Trustee"), on behalf of the bankruptcy estate ("Estate") of debtor Douglas Edwin Gravink ("Debtor"), complaining of Douglas Edwin Gravink, an individual, Antonia Gravink ("Antonia"), an individual, Swisspartners Insurance Company, SPC Ltd. ("Swisspartners"), EFG Private Bank Limited ("EFG"), and Does 1-10 (collectively, "Defendants"), alleges as follows:

1

1. This is an action to recover for the benefit of the estate approximately $300,000 in transfers ("Transfers") made by Debtor and Antonia to bank accounts at EFG Private Bank, a bank in Zurich, Switzerland in September, 2008, approximately six months after Debtor became aware that he was under investigation by the Federal Trade Commission for deceptive business practices.

2. The Trustee is informed and believes, and based thereon alleges, that on September 10, 2008, Debtor and Antonia sent two letters requesting that a total of $300,000.00 be wire transferred from an account in Debtor and Antonia's name at Stifel Nicolaus, account number XXX-7923 ("Stifel Account") to accounts at EFG, account numbers XXX504-1 and XXX159-1 for the benefit of Swisspartners Insurance Company SPC Ltd ("Swiss Bank Accounts").

3. The Trustee is informed and believes, and based thereon alleges, that the Transfers were completed on September 15, 2008.

4. The Trustee is informed and believes, and based thereon alleges, that each Defendant is the agent, servant, or employee of each other Defendant.

5. The Trustee is informed and believes, and based thereon alleges, that Debtor did not receive reasonably equivalent consideration for the Transfers.

6. The Trustee is informed and believes, and based thereon alleges, that the Transfers are property of the Estate.

**STATEMENT OF JURISDICTION AND PROCEEDINGS**

7. On or about November 27, 2012, ("Petition Date") Debtor filed a voluntary petition under Title 11, Chapter 11 of the United States Code ("Bankruptcy Code").

8. On or about July 23, 2013, the Court declined to confirm Debtor's Plan for Reorganization and ordered the case converted to one under Chapter 7.

9. On or about August 5, 2013, the Trustee was appointed as the chapter 7 trustee. The Trustee has standing to bring this adversary proceeding on behalf of the Estate pursuant to 11 U.S.C. § 323.

10. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) and General Order No. 13-05 of the United States District Court for the Central District

1470414

of California. This is a core proceeding under 28 U.S.C. § 157(b)(1), (2)(E) and (2)(H). The Trustee consents to final judgment by the Bankruptcy Court.

11. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to Debtor's case under Chapter 7 of the Bankruptcy Code, which case is still pending.

12. The Trustee is informed and believes, and based thereon alleges, that defendant Antonia Gravink is an individual who, at all times herein mentioned, conducted business in, and/or resides in, the Central District of California.

13. The Trustee is informed and believes, and based thereon alleges, that defendant Douglas Edwin Gravink is an individual who, at all times herein mentioned, conducted business in, and/or resides in, the Central District of California.

14. The Trustee is informed and believes, and based thereon alleges, that defendant Swisspartners Insurance Company SPC Ltd. is a Swiss corporation with its principal place of business in Zurich, Switzerland.

15. The Trustee is informed and believes, and based thereon alleges, that defendant EFG Private Bank is a Swiss corporation with its principal place of business in Zurich, Switzerland and also has a place of business in Los Angeles, California.

**EVENTS LEADING TO THE TRANSFERS**

16. On or about June 30, 2009, the Federal Trade Commission ("FTC") sued Debtor and others for violations of Section 5(a) of the FTC Act in the United States District Court for the Central District of California, styled *Federal Trade Commission v. John Beck Amazing Profits, LLC, et al.*, Case No. CV-09-4719-JHN (CWx) ("Enforcement Action").

17. On or about August 21, 2012, the District Court entered the Final Judgment for Permanent Injunction and Other Equitable Relief Against John Beck Amazing Profits, LLC, John Alexander, LLC, Jeff Paul, LLC d/b/a Shortcuts to Millions, LLC, Mentoring of America, LLC, Family Products, LLC, John Beck, Douglas Gravink, Gary Hewitt, Jeff Paul, and John Alexander (Enf. Action, Dist. Ct. ECF No. 643). The Final Judgment includes a judgment in favor of the FTC

1470414

and against Debtor in the amount of $478,919,765, which this Court ultimately determined to be nondischargeable under 11 U.S.C. §523(a)(2)(A).

18. Based on information from the FTC, the Trustee is informed and believes, and based thereon alleges, that on or about March 3, 2008, The FTC issued Civil Investigation Demands to John Beck Amazing Profits, LLC, John Alexander, LLC, Shortcuts to Millions, LLC, and Mentoring of America, LLC, asking for information and documents related to the wealth creation strategies that would later be alleged in the FTC Enforcement Action.

19. At all times relevant to this complaint, Debtor, and Gary Hewitt, another individual, were the only members of Family Products, LLC, which in turn was the sole member of John Beck Amazing Profits, LLC.

20. Debtor was aware that the FTC was investigating John Beck Amazing Products, LLC, on or before March 3, 2008.

21. In addition to the Transfers, in an attempt to prevent the FTC from collecting on its judgment obtained in the Enforcement Action, Debtor has engaged in a pattern and practice of transferring assets to close family members, including his children and his businesses.

**EFG AND SWISSPARTNERS RECEIVED TRANSFERS FROM DEBTOR AND ANTONIA**

22. The Trustee is informed and believes, and based thereon alleges, that Swisspartners and EFG received transfers from Debtor as listed in the attached **Exhibit A** ("Transfers").

23. The Transfers listed in Exhibit A occurred on or about September 15, 2008.

24. The Transfers were made from the Stifel Account in Debtor and Antonia's names, numbered 4137-7923.

25. The Transfers were made to bank accounts at EFG Private Bank, account numbers XXX504-1 and XXX159-1, with account holders listed as Swisspartners Insurance Company SPC Ltd – Policyholder UVL-231-08 and Swisspartners Insurance Company SPC Ltd – Policyholder UVL-228-08.

26. The Transfers are recorded in the Stifel Account as having occurred on September 15, 2008, with the description "EFG PRIVATE BANK FBO SWISSPARTNERS INS CO."

4

1470414

27. The Trustee is informed and believes, and based thereon alleges, that the assets in the Stifel Account were Debtor's property.

28. In total, the Trustee is aware of $300,000 in transfers between the Stifel Account and the Swiss Bank Accounts.

**DEBTOR ACTIVELY CONCEALED FRAUDULENT TRANSFERS FROM THE TRUSTEE**

29. During the Trustee's investigation of the Debtor's assets, liabilities, and business affairs, Debtor never disclosed the Transfers to the Trustee, in either his schedules or in testimony given to the Trustee on multiple occasions.

30. On or about November 2, 2015, at the Trustee's insistence, Debtor caused to be delivered to the Trustee's office 97 storage boxes which contained documents concerning Debtor's financial transactions ("Storage Boxes").

31. After reviewing some of the documents contained in the Storage Boxes, the Trustee's accountants identified various documents which show the existence of the Transfers.

32. At Debtor's Rule 2004 Examination conducted on October 29, 2013, Debtor testified under penalty of perjury that "Without having the bank statements in front of me, I -- because I don't have any Stifel Nicolaus account, except for, like, an IRA or something at Stifel. I don't have a personal account."

33. Debtor's Schedule B, filed on November 27, 2012, identified two accounts at Stifel Nicolaus – a "529 Plan UTMAKA Benefit Stifel Nicolaus" and an "IRA Steifel Nicholaus (exempt to the fullest extent allowable as a matter of law)" in the amount of $180,452.79.

34. Debtor's Statement of Financial Affairs listed an account at "Stiefel Nicolaus, 501 N. Broadway, St. Louis, MO, 63102," with an account number xxx-7923-1, and listed it as closed on September 6, 2012, with a closing balance of $19,269.63.

35. Because of Debtor's concealment, delayed production of bank account information, and misleading representations at his Rule 2004 Examination and on his Schedules and Statement of Financial Affairs, the Trustee did not and was not able to discover the existence of the Transfers until approximately November 12, 2015.

///

1470414

## FIRST CLAIM FOR RELIEF

## AVOIDANCE OF FRAUDULENT TRANSFER

## AGAINST DEFENDANTS (ACTUAL INTENT)

**[11 U.S.C. §§ 544 and California Civil Code §§ 3439.04(a)(1) and 3439.07]**

36. The Trustee realleges each and every allegation contained in foregoing paragraphs of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

37. The Trustee is informed and believes and thereon alleges that during the seven-year period immediately preceding the Petition Date, Debtor made the Transfers with the actual intent to delay, hinder or defraud Debtor's creditors.

38. By reason of the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 544, California Civil Code § 3439.04(a)(1) and 3439.07.

## SECOND CLAIM FOR RELIEF

## AVOIDANCE OF FRAUDULENT TRANSFERS

## AGAINST DEFENDANTS (CONSTRUCTIVE FRAUD)

**[11 U.S.C. §§ 544 and California Civil Code §§ 3439.04(a)(2) or and 3439.07]**

39. The Trustee realleges each and every allegation contained in foregoing paragraphs of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

40. The Trustee is informed and believes and thereon alleges that during the seven-year period immediately preceding the Petition Date Debtor made the Transfers. The Transfers were made without Debtor receiving a reasonably equivalent value in exchange for such transfer and: (i) at a time that Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (ii) at a time when Debtor intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

41. By virtue of the foregoing, the Transfers constituted avoidable fraudulent transfers pursuant to 11 U.S.C. §§ 544 and California Civil Code §§ 3439.04(a)(2) and 3439.07.

///

///

1470414

**THIRD CLAIM FOR RELIEF**

**RECOVERY OF AVOIDED TRANSFERS AGAINST DEFENDANTS**

**[11 U.S.C. § 550 and California Civil Code § 3439.08]**

42. The Trustee realleges each and every allegation contained in foregoing paragraphs of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

43. By reason of the foregoing, the Trustee is entitled to recover for the benefit of the Estate the Transfers from Defendants pursuant to 11 U.S.C. § 550 and Civil Code § 3439.08.

**FOURTH CLAIM FOR RELIEF**

**TURNOVER OF PROPERTY OF THE ESTATE AGAINST DEFENDANTS**

**SWISSPARTNERS, EFG, AND DOES 1-10**

**[11 U.S.C. § 542]**

44. The Trustee realleges each and every allegation contained in foregoing paragraphs of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

45. If the Transfers did not serve to transfer the $300,000, then the $300,000 is property of the Estate.

46. If the $300,000 is property of the Estate, the Trustee is entitled to turnover of the $300,000.

**WHEREFORE**, The Trustee respectfully prays for judgment against Defendants as follows:

1. On the first claim for relief, that the Transfers be avoided and recovered for the benefit of the Estate;

2. On the second claim for relief, that the Transfers made during the four-year period immediately preceding the Petition Date be avoided and recovered for the benefit of the Estate;

3. On the third claim for relief, for relief as follows: to recover the value of the Transfers from Defendants, for the benefit of the Estate, in the amount of $300,000, plus interest at the maximum legal rate from the date of the Transfers, or such other amount as shall be shown by proof at trial;

4. On the fourth claim for relief, that Defendants Swisspartners and EFG be directed to turnover $300,000 to the Trustee; and

1470414

5.   On all claims for relief, that the Trustee be awarded costs incurred in connection with this action;

6.   For such other and further relief as this Court deems just and proper.

DATED:   January 12, 2016

Respectfully submitted,

**BRUTZKUS GUBNER ROZANSKY SEROR WEBER LLP**


By: /s/ Reed Bernet
    DAVID SEROR
    RICHARD D. BURSTEIN
    REED BERNET
    Attorneys for Plaintiff Nancy Zamora,
    Chapter 7 Trustee

8

1470414

## Marsha Oriti

| | |
|---|---|
| From: | Perone, Danielle (Medford) [peroned@stifel.com] |
| Sent: | Monday, September 15, 2008 1:09 PM |
| To: | Marsha Oriti |
| Subject: | Wire Transfer Confirm #'s |

Hi Marsha,

The 2 confirmation numbers are:

000-RR82590005 - $100,000
000-RR82560006 - $200,000

Kind regards,

**Danielle Perone**
Client Service Associate
**Stifel Nicolaus & Co. Inc.**
3539 Heathrow Way Suite 108
Medford, OR 97504
Phone (541) 770-7350
Toll Free 866-849-8140
Fax (541) 770-7355
Peroned@stifel.com

********************************************************************************

All electronic messages sent and received by Stifel Nicolaus

Associates are subject to review by Stifel Nicolaus. Stifel Nicolaus

may retain and reproduce electronic messages for state, federal, or

other regulatory agencies as required by applicable law.

IMPORTANT: Please do not use e-mail to request or authorize the

purchase or sale of any security or commodity, send fund transfer

instructions, or otherwise conduct any securities transactions. Any

requests, orders, instructions, or time-sensitive messages sent by

e-mail cannot be accepted or processed by Stifel Nicolaus. The

accuracy of any information sent by Stifel Nicolaus through e-mail

cannot be warranted or guaranteed by Stifel Nicolaus or its affiliates.

Stifel, Nicolaus & Company, Incorporated

Member NYSE & SIPC

Headquarters: 501 N. Broadway, St. Louis, MO 63102

1

September 10, 2008

To Whom It May Concern:

Please use this letter as our authorization to wire funds from our Stifel Nicolaus joint account ███-7923 to the Swiss bank account as follows:

Sincerely,

_____  _____
Douglas Gravink           Antonia Gravink

PLEASE WIRE $100,000 xx/100 (one hundred thousand dollars) from ███████ 7923 to:

EFG PRIVATE Bank
BAHNHOFSTRASSE 16
8001 ZURICH/SWITZERLAND

SWIFT CODE: ████CHZZ
Account #: ████05
ACCOUNT HOLDER: Swisspartners insurance company SPC Ltd. - POLICYHOLDER UVL-231-08.

Attention: Christoph Stadler - EFG Bank

10



*200K for Doug from fee.*

To:
Douglas Gravink

Grand Cayman, August 14, 2008

Premium Invoice

| Description | Premium |
|---|---|
| swisspartners Insurance Company SPC Ltd. Policyholder UVL-228-08 segregated portfolio | USD 500'000.00 |

Payment by bank transfer to:
    EFG Private Bank
    Bahnhofstrasse 16
    8001 Zurich/Switzerland

    SWIFT CODE: ▓▓▓▓CHZZ

For further credit to: account No.▓▓▓028
account holder: "swisspartners Insurance Company SPC Ltd. – Policyholder UVL-228-08"

Kind regards,

swisspartners Insurance Company SPC Ltd.

(valid without signature)

11

September 10, 2008

To Whom It May Concern:

Please use this letter as our authorization to wire funds from our Stifel Nicolaus joint account ▮▮-7923 to the Swiss bank account as follows:

Sincerely,

_____  
Douglas Gravink

_____  
Antonia Gravink

Please wire $200,000 ⁰⁰⁄₁₀₀ (Two hundred thousand dollars) from ▮▮▮▮▮7923 to:

EFG Private Bank.
Bahnhofstrasse 16
8001 Zurich/Switzerland.

Swift Code: ▮▮▮CHZZ
Account #: ▮▮▮28
Account Holder: Swisspartners Insurance Co SPC-LTD-
      Policyholder: UVL-228-08

Attention: Christoph Stadler - EFG Private Bank

12



*100 for Antonia — from hes:*

To:
Antonia Gravink

Grand Cayman, August 14, 2008

Premium Invoice

Description                                                      Premium

swisspartners Insurance Company SPC Ltd.
Policyholder UVL-231-08 segregated portfolio                     USD 250'000.00

Payment by bank transfer to:
    EFG Private Bank
    Bahnhofstrasse 16
    8001 Zurich/Switzerland

    SWIFT CODE: ███CHZZ

For further credit to: account No ███505
account holder: "swisspartners Insurance Company SPC Ltd. -- Policyholder UVL-231-08"

Kind regards,

swisspartners Insurance Company SPC Ltd.

(valid without signature)

13

# STIFEL NICOLAUS

DOUGLAS GRAVINK AND
ANTONIA GRAVINK JTWROS

September 1 -
September 30, 2008
Account Number: ▇▇▇▇-7923

Page 12 of 18

## ACTIVITY DETAILS continued

### Withdrawals From Your Account

| Date | Activity | Quantity | Description | Total | Cash | Money Market | Margin |
|---|---|---|---|---|---|---|---|
| 09/02/08 | Journal | | T26125069 F41377923 TRF TO AC#261250691 | -1,000.00 | -1,000.00 | | |
| 09/02/08 | Journal | | T77174148 F41377923 TRF TO AC#771741481 | -1,000.00 | -1,000.00 | | |
| 09/15/08 | Withdrawal | | EFG PRIVATE BANK FBO SWISSPARTNERS INS CO WIR#000-RR82590005 | -100,000.00 | -100,000.00 | | |
| 09/15/08 | Withdrawal | | EFG PRIVATE BANK FBO SWISSPARTNERS INS CO WIR#000-RR82590006 | -200,000.00 | -200,000.00 | | |
| 09/15/08 | Journal | | FOREIGN WIRE CHARGE | -40.00 | -40.00 | | |
| 09/15/08 | Journal | | FOREIGN WIRE CHARGE | -40.00 | -40.00 | | |
| **Total Withdrawals From Your Account** | | | | **-$302,080.00** | **-$302,080.00** | | |

### Income And Distributions

| Date | Activity | Quantity | Description | Total | Cash | Money Market | Margin |
|---|---|---|---|---|---|---|---|
| 09/02/08 | Dividend | | FORTUNE BRANDS INC CUSIP: 349631101 | 110.00 | 110.00 | | |
| 09/02/08 | Dividend | | INTEL CORP CUSIP: 458140100 | 140.00 | 140.00 | | |
| 09/02/08 | Dividend | | KROGER COMPANY CUSIP: 501044101 | 45.00 | 45.00 | | |
| 09/02/08 | Dividend | | PIMCO CALIFORNIA MUNICIPAL INCOME FUND II CUSIP: 72200M108 | 210.00 | 210.00 | | |
| 09/02/08 | Dividend | | WAL-MART STORES INC CUSIP: 931142103 | 356.25 | 356.25 | | |
| 09/02/08 | Interest | | LOS ANGELES CA0.0 070131 CUSIP: 544712YM8 | 38.89 | 38.89 | | |
| 09/02/08 | Interest | | LOS ANGELE CA4.75 090131 CUSIP: 544386BM6 | 593.75 | 593.75 | | |
| 09/02/08 | Interest | | MIDFIRST BANK3.15 090208 CUSIP: 59740LZM9 | 970.89 | 970.89 | | |

## CASH EQUIVALENTS continued

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| DAVID SEROR – Bar No. 67488<br>RICHARD D. BURSTEIN – Bar No. 56661<br>REED BERNET – Bar No. 288240<br>BRUTZKUS GUBNER ROZANSKY SEROR WEBER<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA  91367<br>Telephone: 818.827.9000<br>Facsimile: 818.827.9099<br>dseror@brutzkusgubner.com, rburstein@brutzkusgubner.com<br>rbernet@brutzkusgubner.com<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -SAN FERNANDO VALLEY DIVISION**

| In re:<br><br>DOUGLAS EDWIN GRAVINK,<br><br>Debtor.<br>Debtor(s). | CASE NO.:1:12-bk-20325-MT<br><br>CHAPTER:7<br><br>ADVERSARY NUMBER: |
|---|---|
| NANCY ZAMORA, CHAPTER 7 TRUSTEE,<br><br><br><br>Plaintiff(s)<br>Versus<br>DOUGLAS EDWIN GRAVINK, an individual; ANTONIA GRAVINK, an individual; SWISSPARTNERS INSURANCE COMPANY, SPC LTD, a Swiss corporation; EFG PRIVATE BANK LIMITED, a Swiss corporation, and DOES 1-10,<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING  [LBR 7004-1] XX** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _____ | **Place:** |
|---|---|
| **Time:** _____ | ☐ 255 East Temple Street, Los Angeles, CA 90012 |
| **Courtroom:** _____ | ☐ 3420 Twelfth Street, Riverside, CA 92501 |
| | ☐ 411 West Fourth Street, Santa Ana, CA 92701 |
| | ☐ 1415 State Street, Santa Barbara, CA 93101 |
| | ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                       Page 1                              **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS. REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report.  The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                  **KATHLEEN J. CAMPBELL**
                                  **CLERK OF COURT**


Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____



                                By: _____
                                            Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                           Page 2                         **F 7004-1.SUMMONS.ADV.PROC**

**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>NANCY ZAMORA, CHAPTER 7 TRUSTEE | **DEFENDANTS** Douglas Edwin Gravink, an individual, Antonia Gravink, an individual; Swisspartners Insurance Company, SPC LTD, a Swiss corporation; EFG Private Bank Limited, a Swiss corporation, and DOES 1-10, |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>BRUTZKUS GUBNER ROZANSKY SEROR WEBER LLP<br>21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367<br>818-827-9000 | **ATTORNEYS** (If Known)<br>unknown |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS OR IN THE ALTERNATIVE TO TURNOVER PROPERTY OF THE ESTATE

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[1] 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
[2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
[3] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $300,000 |

**Other Relief Sought**
Avoid and Recover Transfers; costs incurred, other further relief as deemed by the Court

**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>DOUGLAS EDWIN GRAVINK || BANKRUPTCY CASE NO.<br>1:12-bk-20325-MT |||
| DISTRICT IN WHICH CASE IS PENDING<br>Central || DIVISION OFFICE<br>San Fernando Valley || NAME OF JUDGE<br>Hon. M. Tighe |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Reed Bernet |||||
| DATE<br>1/12/16 |||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Reed Bernet |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.